## No. 403
## CONWAY v. KELKE et

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5432. Decided Jan. 26, 1925.
Cushing P. J. and Hamilton & Buchwalter JJ., 1st Dist., sitting.

507. FALSE IMPRISONMENT—An action for, cannot exist when order is not based on a void warrant.

BY THE COURT.

The Cuyahoga common pleas sustained a demurrer to the petition of Edward Conway, for false imprisonment, on the ground that it did not state a cause of action. Conway not desiring to plead further prosecuted error to the court of appeals seeking a reversal.

The action was brought against Henry Kelke an officer on the Cleveland police force, C. L. Smiley, a justice of the peace of Lorain county, Fred Edmunds, the constable of that court, and Theodore Van Ausdale, the complaining witness, himself a resident of Elyria. Conway's petition alleged that Van Ausdale procured Smiley to issue a warrant for him on an accusation of assault and battery, committed on Van Ausdale June, 1923. Conway further alleged that the affidavit was made and the warrant issued with a full knowledge that he was a resident of Cuyahoga county, and that Van Ausdale conspired to have Edmunds serve the warrant in Cuyahoga county; that Edmunds did proceed to Cuyahoga county and with the assistance of Kelke procured his arrest and detention, conveyed him to Lorain county before Smiley, the justice, which justice accepted the plea of guilty and Conway was fined. The court of appeals held:

1. The law is that an action for false imprisonment must be based on a void warrant. Diehl v. Friester, 37 OS. 475. Spice v. Stemruck 14 OS. 213.

2. The petition alleged that Smiley was duly elected, qualified and acting justice of the peace in Lorain county; and an affidavit was filed by Van Ausdale charging the offense of assault and battery. Under these allegations the warrant issued was in all respects valid according to law, and gave the court jurisdiction of the subject matter. This being true there can be no action for false imprisonment for such action must be based upon a void order.

The petition fails to state a cause of action and the judgment sustaining the demurrer will be affirmed.

Attorneys—Howell, Roberts & Duncan. of Cleveland, for Conway; M. W. & J. C. Spear, Cleveland, and Smiley & Edmunds and C. R. Summers, Oberlin, for Kelke et.

## No. 404
## MARSH v. METZ et

Ohio Appeals, 1st Dist., Hamilton Co.
No. 2538. Decided March 9, 1925.

1271. WILLS—Devise under, not to be construed as an estate in tail.

1277. WORDS AND PHRASES—The word "also" connecting a devise of fee and one of life estate does not cut down the former to a life estate.

Harold Marsh brought this action in partition, claiming an undivided 1-4 part of real estate, as devisee under the last will and testament of Joseph Jones, deceased. Gertrude and Marty Metz filed an answer claiming to be the owners of the real estate in fee simple; that they were the devisees under the will of their father, Edward Metz, deceased, who purchased the property from Harriet Marsh; said Harriet Marsh having received the real estate by devise under the will of her father, Joseph Jones. Harold Marsh is the grandson of Harriet Marsh; and in bringing this action for partition relies on the construction of an item in the will of Joseph Jones, deceased. "I do hereby will and devise to my daughter, Harriett Marsh, my 2 three story houses of West 4th and 5th streets."

The item in question provided: "Also my three story house on John street to my daughter, Harriet Marsh, during her natural life and at her death to her issue then living in fee; but if no issue servive her, then to my other children or their issue in the same manner as other property herein specially devised to them."

Harold Marsh claims that the 2 three story houses on 4th and 5th streets were given to Harriet Marsh for life only, under the will. Metz claims it was an estate in fee simple. The court of appeals held:

1. Section 10,580 GC provides: Every devise in a will of lands, tenements or hereditaments shall convey all the estate of the devise therein, which he could lawfully devise unless it clearly appears by the will that the devisor intended to convey a less estate.

2. Estates tail are not favored. The presumption is against the intention to create them and that presumption must be overruled by language entirely free from ambiguity. Collins v. Collins 40 OS. 353.

3. The language in the second part of the item does not cut down the devise in the first part of the item. Petition for partition dismissed.

Attorneys—Harmon, Colston, Goldsmith & Hoadley for Marsh; Buchwalter, Headley & Smith, for Metz; all of Cincinnati.